### FRANCIS COGSWELL AND ELIZABETH, HIS WIFE,
*vs.*

### LYDIA TIBBETTS.

A wife does not forfeit her right of dower by committing adultery, unless she
elopes with the adulterer.

THIS was a writ of dower, in which the said *Francis* and
*Elizabeth*, in her right, demanded dower in certain real estate
in Dover, whereof *John G. Tibbetts*, late the husband of the
said *Elizabeth*, was seized during the coverture.

The defendant pleaded in bar, " that the said *Elizabeth*
" heretofore, and in the life time of the said *J. G. T.* and
" during her coverture with, and while she was the wife of
" the said *J. G. T.* to wit, on the 10th June, 1819, at Dover
" aforesaid, of her own accord, and without the license or
" consent, and against the will of the said *J. G. T.* and in
" the time when the said *J. G. T.* was on a voyage to Eu-
" rope, committed the crime of adultery, with the said
" *Francis Cogswell,* and thereupon, then and there, and con-
" tinually thereafterwards lived in adultery with the said
" *Francis*, during the whole life of the said *J. G. T.* to
" wit, at Dover aforesaid—and the said *Lydia*, further in
" fact, says, that the said *J. G. T.* in his life time, was

Cogswell et u.
*vs*
Tibbetts.

" not at any time, after the said *Elizabeth* so committed the " crime of adultery with the said *Francis*, voluntarily or in " any other manner reconciled to the said *Elizabeth*, and " this," &c.

To this plea, the demandants demurred.

RICHARDSON, C. J. delivered the opinion of the court.

It seems, that at the common law, a woman did not forfeit her dower by committing adultery, even when she eloped with the adulterer.

But the statute of Westminster 2, *cap.* 34, expressly provided, that, if a wife voluntarily left her husband, and departed, and dwelt with the adulterer, she should lose her dower ; unless her husband became reconciled to her, and permitted her to cohabit with him. *Bacon's Ab.* " *Dower,*" *F.*

It is very clear, that under this statute, there could be no forfeiture without what is denominated an elopement. *Perkins, sec.* 354, 355.—*2 Bl. Com.* 130.—*Comyn's Digest,* " *Pleader*" 2, *Y.* 11.—*1 Roll's Ab.* 680.—*Co. Litt.* 32, *a. & b.*—*Comyn's Digest,* " *Dower*" *F.* 2.

In *Rastal* 224, the forms of the plea may be found, and a replication denying the elopement. The form of a similar plea may also be found in *Story's Pl.* 352. The forms of pleading shew, that the elopement is the cause of the forfeiture.

To work the forfeiture, it is not necessary, that the wife should voluntarily leave the husband ; for if, after she has been taken away against her will, she consents to abide with the adulterer, it will be deemed an elopement. 1 *Roll's Ab.* 680 —*Perkins, sec.* 354.

And to constitute an elopement, the wife must not only leave the husband, but go beyond his actual control. For if she abandon the husband, and goes and lives in adultery, in a house belonging to him, it is said not to be an elopement. *Perkins, sec.* 355.—1 *Roll's Ab.* 680.—*Fitz H. N. B.* 150.

And it seems, that the consequences of an elopement are not only a forfeiture of dower, under the statute, but a forfeiture of the right to use the husband's credit, even to obtain necessaries. 1 *Ld. Ray.* 444.—1 *Salk.* 116.—12 *Mod.*

*Rep.* 244.—1 *Strange* 647, *Morris vs. Martin.*—2 *ditto*  <span>Cogswell et u.</span>
1214, *Bolton vs. Prentice.*                                 <span>vs.</span>
                                                             <span>Tibbetts.</span>

Upon looking into the plea in the present case, we find, that it is alleged, that the demandant, *Elizabeth*, committed adultery on a particular day, and thereafterwards lived in adultery, during the life of her late husband, he, her late husband, being absent on a voyage to Europe ; but there is no allegation, that she left her husband, and departed, and dwelt with the adulterer. Notwithstanding any thing alleged in this plea, she may have continued to reside in the family of her late husband, during the whole time mentioned in the plea ; and however gross her conduct there may have been, during the absence of her husband, it is very clear, it does not amount to an elopement.

The plea must be adjudged insufficient, and there must be

*Judgment for the demandants.*